# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. CV 19-10810-CJC-PJW                  Date: January 3, 2020

Title: <u>CHRIS LANGER V. SOCAL EQUITY HOLDINGS LLC, ET AL</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Gabriela Garcia</u>                            <u>N/A</u>
Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                           None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE AS TO WHY THIS COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH ACT CLAIM**

       On December 22, 2019, Plaintiff filed this action against Defendant, alleging violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (Dkt. 1 [Complaint, hereinafter "Compl."].) Plaintiff seeks injunctive relief under the ADA and statutory damages under the Unruh Act. Plaintiff contends that this Court has jurisdiction over his ADA claim based on the existence of a federal question and jurisdiction over his Unruh Act claim based on supplemental jurisdiction.

       Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). District courts have discretion to decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

       A number of federal district courts across California have declined to exercise supplemental jurisdiction over Unruh Act claims brought alongside ADA claims, citing

28 U.S.C. §§ 1367(c)(2) & (c)(4).  *See, e.g.*, *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1030–31 (S.D. Cal. 2017) (declining to exercise supplemental jurisdiction because (1) "Plaintiff's state law claim under the Unruh Act substantially predominates over his federal claim" and, (2) because "it would be improper to allow Plaintiff to use federal court as an end-around to California's pleading requirements.").  The Court orders Plaintiff to show cause as to why it should not decline to exercise supplemental jurisdiction over his Unruh Act claim for similar reasons.

     Plaintiff shall file a response to this Order to Show Cause by January 16, 2020.  In his response, Plaintiff shall identify the amount of statutory damages he seeks to recover.  Plaintiff and his counsel shall also include declarations in their responses which provide all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code §§ 425.55(b)(1) & (2).

cl

MINUTES FORM 11
CIVIL-GEN                                                       Initials of Deputy Clerk GGA